Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:21-CR-00137-TOR-1 |
| v. | |
| CHRISTOPHER ALAN BRISTLIN, | PLAINTIFF'S SENTENCING MEMORANDUM |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Alison L. Gregoire, Assistant United States Attorney, submits the following sentencing memorandum:

I.   STATEMENT OF FACTS

Investigation of Defendant began when the Minneapolis FBI was able to locate and search the devices of a subject referred to herein as "Minneapolis Source." Minneapolis Source used his profile on imgsrc.ru to post still images of the faces of children depicted in commonly traded child pornography series along with his email address. These posts implied the subject wished to trade child pornography. Minneapolis Source confessed to advertising on imgsrc.ru and trading child pornography. A search of Minneapolis Source's digital devices and

Plaintiff's Sentencing Memorandum - 1

online accounts showed Minneapolis Source sent child pornography to several people including the holder of the account "the1the0nlychris@yahoo.com."

In Minneapolis Source's account chat was located starting on January 1, 2020, with "the1the0nlychris@yahoo," who was later determined to be Defendant, Christopher Bristlin. The1the0nlychris@yahoo.com, began an email exchange with Minneapolis Source. At least 26 messages were sent/received between them that day.  In the chat, the1the0nlychris@yahoo.com asked Minneapolis Source to send child pornography depicting a specific child from the imgsrc.ru profile. In exchange, the1the0nlychris@yahoo.com offered to send sexually explicit content depicting the sexual abuse of the1the0nlychris@yahoo.com's eight year old niece. the1the0nlychris@yahoo.com sent two clothed images of the niece (later determined to be his actual niece). In response to the1the0nlychris@yahoo.com's request, Minneapolis Source sent a total of four child pornography files on January 1, 2020. The1the0nlychris@yahoo.com, sent responses confirming his appreciation and receipt of the files. By January 3, 2020, the1the0nlychris@yahoo.com, had not sent any child pornography to Minneapolis Source. On that date, Minneapolis Source sent an additional child pornography video to the1the0nlychris@yahoo.com.

On February 11, 2020, after the takedown of Minneapolis Source, the FBI Minneapolis Division received consent to assume his online activity.  Using Minneapolis Source's account, an Online Covert Employee engaged the1the0nlychris@yahoo.com in an email exchange wherein the1the0nlychris@yahoo.com replied, and spoke about his conduct with his niece specifically:

> Oh, we 'play' pretty much every day. To be honest I just don't feel comfortable having any recording or pictures like that. I was going to do something for ya. Especially since we both find that littler thing you were sharing very sexy but I just don't feel comfortable with it. I even deleted what you sent me which I'm wishing I wouldn't have

Plaintiff's Sentencing Memorandum - 2

now. All 8 inches of me are rock hard now thinking about her. As much as I want to see a good full video of that beautiful little thing, especially her giving head since my niece doesn't really like doing it (I won't force her to do something she doesn't like) I just can't unless we do a secure vid chat.

Yahoo identified the1the0nlychris@yahoo.com as Chris Villapondo and provided IP addresses used to login to the account, some which was traced to Bristlin's residences.

On May 21, 2020, a federal search warrant was executed at the most recent residence, where Bristlin was then living with his mother and step-father. On Bristlin's phone two child pornography images were located as well as clothed images of the niece (that had been distributed to Minneapolis Source) and his own groin images. On a computer agents located further indicia relevant to the actions of the1the0nlychris@yahoo.com, to include: imgscrc.ru logs, the user brist_000 for imgsrc, Tor Browser software, keyword hits for child pornography titles, and a folder with photos of Bristlin's sister and her children (to include the niece).

Bristlin admitted to being the1the0nlychris@yahoo.com and to trading child pornography since the age of 11. He repeatedly told agents he had never molested his niece. Instead, he told like-minded people he molested his niece and offered to send pictures of the molestation to bait them into sending child pornography to him. Bristlin stated he had deleted all child pornography images he had received.

The niece was interviewed and stated her uncle "Chris" took a video of her doing cartwheels and saw her underwear. Per the victim, Chris told her he could see her "private parts where the pee comes out." Victim indicated she asked to put on shorts, but Chris denied her request. Victim's brother was also interviewed. He stated he saw the video taping of the cartwheels. Chris watched the video over and over (though this video was not located on the phone seized). No hands on molestation was disclosed by either child.

Plaintiff's Sentencing Memorandum - 3

## II. SENTENCING CALCULATIONS AND PSIR OBJECTIONS

The government agrees Defendant's total offense level is 26, Criminal History Category is I, and Guideline provision is therefore 63-78 months. The government has no objection to the calculations in the PSIR.

The government does note the PSIR indicates an agreed length of supervised release, while the plea agreement reads: "The parties acknowledge a mandatory term of at least five years of supervised release and reserve argument on the appropriate length to be imposed in this case. " ECF 36 at 10, lines 12-14. The government understands this will be corrected in the final PSIR.

## III. SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The circumstances of the offense involve Defendant's sexual interest in children and his willingness to act on his sexual interest in children through receiving child pornography to include material portraying prepubescent minors who had not attained the age of 12 and claiming to have child pornography images of his own niece to distribute, while distributing photos which, while not child pornography, were actually of his niece. ECF No. 43 at ¶ 33.

Defendant did not have many child pornography images on his devices at the time the search was conducted—as he indicated, he had deleted the child pornography images he received. ECF No. 43 at ¶¶ 12, 20. This does not mean Defendant's misconduct was not just as serious and concerning as that of others who have maintained child pornography images received.

In fact, Defendant's willingness to send photos of his actual niece to other pedophiles is itself very concerning. Per his offer to Minneapolis Source, he would send sexually explicit content depicting the sexual abuse of his 8-year-old niece.

Plaintiff's Sentencing Memorandum - 4

He then, in fact, sent two clothed images of the female, later determined to be Defendant's actual niece. ECF No. 43 at ¶ 11. These images were found when Defendant's devices were searched. ECF No. 43 at ¶ 14. Though the government wholly agrees this is no where near as serious as it would be if Defendant had actually produced the photos (as a starting point, Defendant would be facing a fifteen year mandatory minimum if he actually produced such photos of his niece), neither is it something that should be ignored or minimized. This was a real child, in Defendant's life, that Defendant was sexualizing to similarly minded people so he could gain access to child pornography images of other children.

In response Minneapolis Source sent four child pornography videos and then, two days later sent an additional video. *Id.* Defendant explained that he appreciated the child pornography sent by Minneapolis Source and continued to maintain he was molesting his niece and would photograph the same, given the right conditions:

> All 8 inches of me are rock hard now thinking about her. As much as I want to see a good full video of that beautiful little thing, especially her giving head since my niece doesn't really like doing it (I won't force her to do something she doesn't like) I just can't unless we do a secure vid chat.

ECF No. 43 at ¶ 12.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The government asks that the Court accept the plea agreement and sentence Defendant to imprisonment for five (5) years. As the Court is well aware, five years is the government's typical recommendation in child pornography cases, and this is such a case. The government does not believe a higher sentence is necessary. The government is asking for five years, or the same sentence the government has sought for similarly situated defendants. The government is

Plaintiff's Sentencing Memorandum - 5

certainly also well aware that five years' imprisonment is a very significant amount of time, but the government believes it is necessary.

The government also asks the Court to order a 10 year term of supervised release, which the government believes is justified, particularly in this case, given Defendant's statements about a minor in his family, and his own statements about his history with child pornography. Defendant indicated he would search the platform at issue in this case for underage sexual images and that he received images from others on the site as well. ECF No. 43 at ¶ 16. He notes he rarely saved an image, but he did willfully receive and view them. *Id.* Defendant notes his youngest was "maybe baby aged" though he preferred older, but still young minors, indicating he did not know why he was sexually attracted to 8-year-old girls. *Id.*

Defendant has a serious issue, and to his credit, he recognizes it. Given the recognition and the work Defendant has already done, the government is not seeking a life term or even a twenty year term of supervised release. The government does ask, however, for a length of supervised release above the minimum set by statute, to give Defendant resources to succeed.

A significant sentence is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment.

   3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Defendant acknowledged repeatedly that he knew child pornography was wrong, when agents spoke to him, but indicated he has viewed child pornography on and off since he was 11 or 12 years old. ECF No. 43 at ¶ 17. That is an appreciable length of time for this now 33 year old to persist in an action he knew was wrong, but his misconduct was unabated. Defendant merits a significant sentence.

Thus, while Defendant has no scorable criminal history (really none to speak of absent an older driving offense) and is properly a Criminal History Category I, that does not mean his history with respect to child pornography is not concerning. The government maintains the requested five years of confinement and term of ten years of supervised release is appropriate.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

As has been detailed, Defendant's crime is serious. Defendant's demonstrated sexual interest in children makes him a real danger to the public.

The government maintains five (5) years imprisonment followed by ten (10) years of supervised release is sufficient, but not greater than necessary, and will protect the public from further crimes of Defendant.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Defendant indicates he became addicted to controlled substances while trying to suppress his addiction to child pornography. ECF No. 43 at ¶ 16. He does not indicate this is an ongoing issue.

6. <u>The kinds of sentences available.</u>

Defendant is subject to a sentence involving a term of imprisonment.

7. <u>The kind of sentence contemplated by the Sentencing Guidelines.</u>

The Sentencing Guidelines contemplate a term of imprisonment.

8. <u>Any pertinent policy statements issued by the Sentencing Commission.</u>

There are no pertinent policy statements in this case.

9. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.</u>

Defendant is subject to a sentence similar to others similarly situated.

Plaintiff's Sentencing Memorandum - 7

IV. GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends the court impose a sentence of five (5) years imprisonment as well as a ten (10) year term of supervised release. As of the writing of this memorandum, no victim has yet sought restitution in this case.

Respectfully submitted this 29th day of December 2022.

        Vanessa R. Waldref
        United States Attorney

        *s/Alison L. Gregoire*
        Alison L. Gregoire
        Assistant United States Attorney

## CERTIFICATION

I hereby certify that on December 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Andrea George
10 North Post, Suite 700
Spokane, WA 99201

                                            *s/Alison L. Gregoire*
                                            Alison L. Gregoire
                                            Assistant United States Attorney
                                            Post Office Box 1494
                                            Spokane, WA 99210-1494
                                            Telephone: (509) 353-2767
Plaintiff's Sentencing Memorandum - 9